UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SHELL EGGS
ANTITRUST LITIGATION                                                              MDL No. 3175

**TRANSFER ORDER**

      **Before the Panel**:[*] Plaintiff in the Southern District of Indiana *King Kullen* action moves under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of Indiana. This litigation consists of six actions pending in three districts, as listed on Schedule A. The parties have notified the Panel of seven related actions pending in four districts.[1] All responding parties agree that centralization is appropriate but differ as to the proposed transferee district. Plaintiffs in six potential tag-along actions and responding defendants[2] support centralization in the Southern District of Indiana, in the first instance or in the alternative. Plaintiffs in six actions and potential tag-along actions support centralization in the Western District of Wisconsin, in the first instance or in the alternative. Plaintiffs in five actions and potential tag-along actions support centralization in the Northern District of Illinois, in the first instance or in the alternative. One potential tag-along action plaintiff alternatively would not oppose centralization in the Western District of Missouri.

      On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the Western District of Wisconsin will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All responding parties agree that these actions share factual questions arising from allegations that defendants conspired to fix, raise, maintain, and stabilize the price of shell eggs in

---

[*]     Judge Karen K. Caldwell, Judge Matthew F. Kennelly, and Judge David C. Norton took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and participated in this decision.

[1]     These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2]     Cal-Maine Foods, Inc.; Daybreak Foods, Inc. (Daybreak Foods); Egg Clearinghouse, Inc.; Hillandale Farms of PA, Inc.; Hillandale Farms Corporation; Hillandale Farms East, Inc.; Hillandale Farms, Inc.; Hillandale-Gettysburg, LLC; Rose Acre Farms, Inc.; United Egg Producers; Urner Barry Publications, Inc. (d/b/a Expana) (Urner Barry); and Versova Holdings, LLC.

- 2 -

violation of the Sherman Antitrust Act. Plaintiffs allege that defendants exploited an Avian Flu outbreak and manipulated benchmark prices set by defendant Urner Barry. Three actions on the motion are brought on behalf of overlapping nationwide classes of direct purchasers of shell eggs, and the remaining three actions are brought on behalf of different classes of indirect purchasers. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. "The Panel has frequently centralized antitrust cases involving direct and indirect purchaser claims that arise from common factual allegations, particularly where multiple related actions are pending." *In re Skelaxin (Metaxalone) Antitrust Litig.*, 856 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012).

We find that the Western District of Wisconsin—an historically underutilized transferee district—is the most appropriate transferee district for this litigation. Two actions are pending in the Western District of Wisconsin, and defendant Daybreak Foods is headquartered there. Chief Judge James D. Peterson, who presides over two actions in this litigation, has not yet had the opportunity to preside over multidistrict litigation. We are confident he will steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Wisconsin are transferred to the Western District of Wisconsin and, with the consent of that court, assigned to the Honorable James D. Peterson, for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Nathaniel M. Gorton
Acting Chair

Roger T. Benitez            Dale A. Kimball
Madeline Cox Arleo

**IN RE: SHELL EGGS**
**ANTITRUST LITIGATION**                                      MDL No. 3175

## SCHEDULE A

<u>Northern District of Illinois</u>

BIRCHMANS PARISIAN, LLC v. CAL-MAINE FOODS, INC., ET AL.,
    C.A. No. 1:25−14030
PHIL-N-CINDY'S LUNCH, INC. v. CAL-MAINE FOODS, INC., ET AL.,
    C.A. No. 1:25−14082
HABASH, ET AL. v. URNER BARRY PUBLICATIONS, INC., ET AL.,
    C.A. No. 1:25−14112

<u>Southern District of Indiana</u>

KING KULLEN GROCERY CO., INC. v. CAL-MAINE FOODS, INC., ET AL.,
    C.A. No. 1:25−02274
NINETEENSEVENTYNINE D/B/A THE BREAKFAST JOYNT v. CAL-MAINE
    FOODS, INC., ET AL., C.A. No. 1:25−02301

<u>Western District of Wisconsin</u>

EDLIN v. CAL-MAINE FOODS, INC., ET AL., C.A. No. 3:25−00946